# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7637

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

ANTHONY RAYMOND LESCH,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:16-hc-02072-FL)

Submitted: December 15, 2017                    Decided: February 9, 2018

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Chad A. Readler, Acting Assistant Attorney General, Mark B. Stern, Abby C. Wright, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; John Stuart Bruce, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court found that appellant Anthony Lesch was a sexually dangerous person subject to commitment under the Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248. On appeal, Lesch asks this court to vacate his commitment order and remand this case for fact-finding to determine whether he received ineffective assistance of counsel. Because Lesch cannot show that any alleged ineffective assistance prejudiced him, we affirm.

I.

Anthony Lesch has a lengthy criminal record of sexual offenses against children. In 1991, he pled guilty to second-degree harassment for grabbing an 11-year-old's penis. The following year, Lesch was convicted of second-degree sexual abuse for groping a 13-year-old girl. In 1997, he was found guilty of endangering the welfare of a child for touching a 10-year-old girl at a public beach. In 2002, a New York state court convicted Lesch of first-degree sexual abuse of a 6-year-old girl, and sentenced him to three years in prison. Around the same time, he also pled guilty in federal court to production of child pornography for photographing two girls, ages 9 and 6, in sexually explicit positions. Lesch was sentenced to 188 months in federal prison.

During his incarceration, Lesch continued to exhibit sexual interest in children. In 2009, prison officials found correspondence he had sent to an inmate at another facility complaining that "opportunities to have sex with a little girl willing and actively participating and having a good time and with her parents' permission are rare or nonexistent." J.A. 130. The letters also contained a discussion of drugging children,

2

Lesch's molestation of his younger sisters when he was 16, and sexual intercourse with dead children. Lesch said that the correspondence described only fictitious events. In 2011, prison officials confiscated five pages of pictures of young girls that Lesch said he had found in a copier. In 2014 and 2015, as his expected release neared, Lesch ordered several books and movies depicting young children, including a magazine containing pictures of naked children, for delivery to his father's home. Lesch also told prison psychology staff that he was looking forward to meeting his 11-year-old niece, despite the fact that the terms of his release prohibited all contact with children.

On April 11, 2016, the federal Bureau of Prisons certified Lesch as a sexually dangerous person under the Adam Walsh Act. The U.S. Attorney for the Eastern District of North Carolina petitioned the district court to commit Lesch to federal custody. As required by the Act, Lesch was provided an attorney and the court scheduled a hearing to determine whether Lesch met the criteria for commitment.

At the hearing, the government called Lesch as a witness, as well as three forensic psychologists: Gary Zinik, Dawn Graney, and Joseph Plaud. Each psychologist submitted a report diagnosing Lesch with pedophilia. All three testified that, as a result of his condition and in light of his history, Lesch would have serious difficulty refraining from child molestation in the future. Zinik testified that, "if he were in the same room with a sleeping child, I honestly think he would not be able to resist acting in a sexually abusive manner." J.A. 174. Plaud testified that Lesch "shows ongoing persistent difficulties in modulating his sexual impulses and behavior," which "is very concerning given his very detailed and long history when he was in the community of committing sexual offenses."

3

J.A. 215. Lesch testified about his prior convictions, largely denying any misconduct. He said that he was not sexually attracted to children and that he did not believe he needed any treatment. Lesch's attorney, Curtis High, did not call any other witnesses.

The district court found "by clear and convincing evidence that Mr. Lesch suffers from a serious mental illness, abnormality or disorder," that he would have serious difficulty refraining from future acts of sexual abuse against children, and therefore that Lesch met the criteria for commitment under the Adam Walsh Act. J.A. 228. The district judge remarked it was "the plainest [case for commitment that has] ever been to this Court in the years that I've presided over this category of cases." J.A. 230.

Lesch appealed, arguing that High had rendered ineffective assistance by failing to call additional witnesses, insufficiently questioning Lesch on the stand, and inadequately communicating with his client. Although Lesch conceded that his attorney's alleged ineffectiveness did not "conclusively appear[ ] on the face of the record," as required for review on direct appeal, he requested a remand to further develop the factual record. Opening Br. of Appellant at 14. This court reviews legal questions and whether an attorney provided ineffective assistance de novo. *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).

## II.

A person subject to commitment under the Adam Walsh Act "does not have a right to effective assistance of counsel under the Sixth Amendment." *United States v. Blackledge*, 751 F.3d 188, 197 (4th Cir. 2014). In the past, this court has declined to decide whether such a right exists under the Due Process Clause of the Fifth Amendment,

4

*id.*, and we need not decide that question today. Assuming *arguendo* that Lesch had such a right, regardless of its source, he would have to show that he was prejudiced by the alleged ineffective assistance. *See Mendez v. Craven*, 2008 WL 5640104, at *2 (E.D.N.C. Apr. 2, 2008), *aff'd* 288 F. App'x 66 (4th Cir. 2008) (rejecting an ineffective assistance of counsel claim in a civil commitment case for lack of prejudice, regardless of standard). In this context, prejudice means "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). We therefore need only consider the narrow question of whether the result of Lesch's commitment hearing could have been otherwise.

Congress enacted the Adam Walsh Act "[t]o protect children from sexual exploitation and violent crime," Pub. L. No. 109-248, 120 Stat. 587, and "address loopholes and deficiencies in existing laws." H.R. Rep. No. 109-218, at 20 (2005). In relevant part, the United States may commit a federal prisoner to the custody of the Attorney General where—after a hearing in which the prisoner is represented by counsel, and "afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses"—a court "finds by clear and convincing evidence that the person is a sexually dangerous person." 18 U.S.C. §§ 4247(d), 4248(d). The Act defines "sexually dangerous person" as "a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." *Id.* § 4247(a)(5). "Sexually dangerous to others" means "that the person suffers from a serious mental illness, abnormality, or disorder as a result

5

of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." *Id.* § 4247(a)(6).

There is no question that Lesch would meet the criteria for commitment under the guidance of any counsel. Lesch's convictions indisputably establish that he "has engaged or attempted to engage in . . . child molestation." *See id.* § 4247(a)(5). Three expert forensic psychologists evaluated Lesch and his history. They unanimously concluded that he "suffers from [the] serious mental illness, abnormality, or disorder" of pedophilia, and that, as a result of his condition, "he would have serious difficulty in refraining from . . . child molestation if released." *See id.* § 4247(a)(6). At the same time, Lesch's testimony showed that he is unwilling to acknowledge his condition or to seek treatment. As the district court observed, the record shows an exceedingly "plain" case for commitment that no amount of lawyering, however skillful, could possibly overcome.

Because the outcome of his commitment hearing would not have been different but for the alleged errors by counsel, Lesch cannot show prejudice and therefore cannot establish an ineffective assistance claim under any standard.

III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.